# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

_____

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

           v.

AARON B. FLETCHER and TWIN SPIRES
FINANCIAL LLC,

      Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.:

## COMPLAINT

Plaintiff United States Securities and Exchange Commission (the "SEC")
alleges:

## SUMMARY OF ALLEGATIONS

1.    This Case involves the use of fraudulent financial projections  by an
unregistered municipal adviser, Twin Spires Financial LLC ("Twin Spires") and its
sole owner and employee, Aaron B. Fletcher ("Fletcher") (collectively, the
"Defendants") in connection with issuance of municipal bonds in 2017 and 2018
by their client, the Town of Sterlington, Louisiana (the "Town" or "Sterlington").
Twin Spires also failed to register as a municipal advisor.

2.    On April 27, 2017, the Town sold $4 million water and sewer utility
revenue bonds ("2017 Bonds"), and on September 28, 2018, it sold a $1.8 million

refunding bond (refunding  two 2015 water and sewer utility revenue bonds) ("2018 Bonds") (collectively, the "Bonds").  The Bonds, which were sold in private placements to investors, were intended to finance development of a water system for the Town and improvements to its existing sewer system.

3.      As required by Louisiana law, the Town applied to the Louisiana State Bond Commission ("SBC") for its approval of these bond offerings.  The Town's applications for the 2017 Bonds and 2018 Bonds were submitted to the SBC on January 18, 2017 and July 18, 2018, respectively.

4.      In support of each application, the Town submitted false financial projections about the anticipated revenue of the Town's sewer system.  Vern A. Breland, then the Mayor of the Town, actively participated in and approved the false projections, which were created by the Town's municipal adviser, Twin Spires, through its owner and sole employee, Fletcher, and misled the SBC as to the Town's ability to cover its debt service for the proposed bonds. Investors in the 2017 Bonds and 2018 Bonds were not informed that the Town had obtained SBC approval of the Bonds based on false projections.

5.      Twin Spires and Fletcher also provided municipal advisory services to the Town between 2015 and 2018 without being properly registered with the SEC.

6.      As a result of this conduct, the Defendants violated Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act"); Sections 10(b) and

15B(c)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; Municipal Securities Rulemaking Board ("MSRB") Rules G-17and G-42, and aided and abetted Sterlington's violations of Section 17(a)(2) of the Securities Act; and, Twin Spires violated, and Fletcher aided and abetted its violations of, Section 15B(a)(1)(B) of the Exchange Act.

## DEFENDANTS

7.    **Aaron B. Fletcher** ("Fletcher") is a resident of Frisco, TX.  He wholly owns Twin Spires and is its sole employee and director.

8.    **Twin Spires Financial LLC** ("Twin Spires") is a Texas company formed in July 2015, with its principal place of business in Frisco, TX.  During the relevant period, Twin Spires conducted business as a municipal advisor but was not registered with the Commission.

## OTHER RELEVANT INDIVIDUAL AND ENTITY

9.    **Vern A. Breland**, age 59, is a resident of Columbia, Louisiana. Breland was elected as the Town's Mayor in 2006 and resigned from office on October 1, 2018. On August 7, 2020, a Louisiana grand jury charged Breland for "malfeasance in office (a felony) between the dates of January 1st, 2017 and including September 30, 2018, willfully and unlawfully perform, refuse or fail to perform his duty as a public officer, contrary to the provisions of R.S. 14:134."

The charge is based on the Town's misuse of bond proceeds directed by Breland and the case is still pending.

10.     **Sterlington, Louisiana** is a town with a current population of approximately 2,600 citizens located in the central northeastern part of the State of Louisiana.  It is governed by an elected mayor and a five member board of aldermen.

## JURISDICTION AND VENUE

11.     The SEC brings this action pursuant to authority conferred upon it by Sections 20(b) and 20(d) of the Securities Act [15 U.S.C. §§ 77t(b) and 77t(d)] and Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d) and 78(u)(e)].

12.     This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

13.     Venue is proper in this District, because Sterlington is located within this District and the acts constituting violations of the federal securities laws alleged in this Complaint occurred within this District.

14.     In connection with the conduct described in this Complaint, Defendants directly or indirectly made use of the mails, the means and instrumentalities of interstate commerce, or the means or instruments of transportation or communication in interstate commerce.

## FACTUAL ALLEGATIONS

### Sterlington Issued 2017 and 2018 Municipal Bonds to Finance
### Its Sewer and Water Projects

15.    Beginning in or about 2015, Breland and the Town began municipal projects to upgrade the Town's existing sewer system, purchase the water distribution system for its residents from a third-party entity (which owned and operated it since 1965), and build a water treatment facility.

16.    To fund these projects, Breland and the Town decided to pursue municipal bond offerings to raise the necessary funds.  In June 2015, Breland executed a financial advisory agreement between the Town and Twin Spires pursuant to which Twin Spires agreed to provide, among other municipal advisory services for the Town, advice on various forms of debt financing.

17.    In April 2017, the Town sold the 2017 Bonds ($4 million Utility Revenue Bonds, which included $3.5 million Utility Revenue Bonds, Series 2017A (Tax Exempt) and $500,000 Taxable Utility Revenue Bonds, Series 2017B).  In September 2018, the Town sold the 2018 Bonds ($1.845 million of Wastewater, Water and Sewer Treatment Utilities Revenue Bonds, Series 2018).

### Overstatement of Sewer Customer and Revenue Projections
### In Application to Louisiana State Bond Commission

18.    Prior to issuing municipal bonds or incurring any form of debt, Sterlington was required, by the Louisiana Constitution and state law, to obtain

approval of the SBC.  As part of the approval process, the SBC requires the applicant to demonstrate the debt service coverage ratio ("DSCR") for all its outstanding debt (including the proposed debt incurrence) would be at least 1.0 in the year of the highest annual future debt service payment based on projected net income for the next full year subsequent to submission of the application. DSCR is a ratio of net operating income to debt service obligations.

19.     In both 2017 and 2018, the Town submitted an application to the SBC supported by, among other items, sewer and water system revenue and expense projections for the next full year, and expected aggregate debt service payments for all outstanding debt secured by sewer and water system revenues (including the proposed bond issuance), which were utilized to calculate the Town's DSCR.

20.     The financial projections provided to the SBC included detailed estimates of the Town's revenue and operating expenses for both the sewer and water systems on an annual basis, and annual expected debt service payments for all the Town's outstanding debt, including the proposed offering.  The projections included two prior fiscal years and the current fiscal year of the SBC application and each fiscal year thereafter through the maturity dates of outstanding debt and the proposed offering.

21.     The financial projections prepared by Twin Spires, Fletcher and Breland, and submitted by the Town to the SBC for approval of the 2017 Bonds, were false and misleading.  As discussed below, the projections included an intentionally overstated sewer revenue projection for 2018.  The overstated sewer revenue projection allowed Sterlington to falsely exceed a DSCR of 1.0 and obtain SBC approval for the proposed 2017 Bonds.

22.     Breland, Fletcher and Twin Spires fraudulently projected that the Town would have 2,040 sewer customers in 2018 (and sewer system revenue of $864,693). They were aware that the customer projection was more than double Sterlington's then-actual sewer customer number of 960 in 2016 (a 113% increase).

23.     Breland, Twin Spires and Fletcher fraudulently projected an overstated 2018 sewer customer number of 2040 to reach the sewer revenue required to meet a DSCR of 1.0.  As a result of the overstated projected customer number, the Town's application falsely showed a projected DSCR of 1.02. Fletcher had no reasonable basis or support for his projection.

24.     Breland and Fletcher also took steps to mask the false 2018 projection.  They increased the stated number of customers for 2016 and 2017. Those inflated numbers were presented to SBC as actual amounts provided for historical purposes in an attempt to smooth out the year-to-year trend of sewer

customers so that Fletcher's extremely high 2018 sewer customer projection would appear more realistic.  For example, Fletcher's financial projections in the SBC application represented that the Town had 1,574 sewer customers for 2016.  The Town's December 2016 sewer records (the last full month prior to SBC application date of January 2017) showed that the Town actually billed only 960 sewer customers.

25.     Fletcher (and Twin Spires through Fletcher),and Breland were aware of the actual historical sewer customer numbers because the Town's sewer clerk repeatedly provided them with the actual number of customers and provided them with reports showing the accurate number of customers.  Breland participated in, reviewed and approved Fletcher's projections, which both Fletcher and Breland knew were false.

26.     On February 16, 2017, the SBC approved the Town's 2017 bond offering.  The SBC relies on the municipal issuer and its professionals to provide accurate and complete information.  The SBC was not aware that the DSCR was based on false and misleading projections and had it been so aware, it would not have approved the issuance of the 2017 Bonds.

27.     In a private placement on April 27, 2017, the Town sold the 2017 Bonds to two banks and a state lending authority; the total issuance was $4 million.  Twin Spires was paid $18,000 in advisory fees from the 2017 Bond offering.

28.     On July 18, 2018, the Town submitted another SBC application based on similar projections for approval of the 2018 Bonds ($1.8 million Wastewater, Water and Sewer Treatment Utilities Revenue Bonds) to refund a 2015 bond issuance. The 2015 Bonds that were to be refunded were Series A and B, Water Treatment and Utilities Revenue Bond ($500,000) and Wastewater and Sewer Treatment Utilities Revenue Bond ($1.2M) ("2015 Bonds").

29.     The SBC application for the 2018 Bonds was initially prepared by Twin Spires and Fletcher.  As with the 2017 application, the 2018 application was reviewed and approved by Breland.  Twin Spires, Fletcher and Breland were aware that the 2018 application included an overstated sewer system revenue projection similar to the application for the 2017 Bonds.

30.     Twin Spires, Fletcher and Breland were aware that the 2018 application fraudulently projected, among other items, that Sterlington would have 2,204 sewer customers for 2019 (now the relevant year for the DSCR calculation). This amount, without any support or justification for the increase, was significantly higher than the Town's 1,076 actual sewer customers as of June 30, 2018.

31.     The false and misleading projection caused the Town to overstate its 2019 projected sewer system revenue.  The false projection resulted in a DSCR of 1.1, over the 1.0 necessary for SBC approval.  Without the overstated sewer

revenue, the DSCR would have been well below 1.0, and the bond issuance would not have received the necessary SBC approval.

32.     On August 16, 2018, the SBC approved the bond offering.  On September 28, 2018, the Town privately placed the 2018 Bonds with a single bank investor.  Twin Spires was paid $8,303 in advisory fees from the 2018 Bond offering.

**Defendants, Breland and Sterlington Did Not Disclose that the SBC Approvals Were Based on Fraudulently Overstated Sewer Revenue Projections**

33.     In connection with the sale of the 2017 Bonds and the 2018 Bonds, each of the investors were informed that Sterlington had, as required by law, obtained SBC approval prior to issuing the Bonds.  As part of their process for soliciting investors to purchase the 2017 Bonds, Breland, through Twin Spires and Fletcher, sent one of the 2017 Bond investors a copy of the SBC application, which had been submitted by the Town for the 2017 Bonds.  And , in connection with soliciting investor interest in the 2018 Bonds, Breland, through Twin Spires and Fletcher, sent the 2018 Bond investor a copy of the 2018 Bond SBC application and affirmatively told the 2018 Bond investor in an email that the "refunding was approved by Bond Commission."

34.     In addition, at the closings for both offerings, the Town provided each investor with a copy of the SBC approval certificate, representing that the SBC had

approved the Bonds.  For the 2017 Bonds, Breland also provided a certification

that the Bonds were "authorized by and issued in conformity with the requirements

of the Constitution and statutes of the State of Louisiana."

35.     These communications and representation to investors about SBC

application and SBC approval were misleading because investors were not

informed that the SBC applications contained false information and that the SBC

approvals had been obtained based on fraudulently overstated sewer revenue

projections.

### Neither Twin Spires nor Fletcher were Registered as a Municipal Advisor as Required

36.     During the relevant time period, Twin Spires, through Fletcher,

provided advice to Sterlington regarding the issuance of municipal securities

(specifically, the 2017 Bonds and 2018 Bonds).

37.     Twin Spires and Fletcher specifically advised the Town regarding:

the development of a financing plan for improving the sewer system and acquiring

and improving the water system; the structure, timing and terms for both the 2017

Bonds and the 2018 Bonds; the preparation of financial projections on behalf of the

Town to the SBC for its authorization for the 2017 Bonds and 2018 Bonds; and the

negotiation of financing terms with the investors in both the 2017 Bonds and 2018

Bonds.

38.     Twin Spires failed to register with the Commission as a municipal

advisor as required.

## FIRST CLAIM FOR RELIEF

### Fraud in the Offer or Sale of Securities
### Sections 17(a)(1) and 17(a)(3) of the Securities Act

39.     The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

40.     By engaging in the acts and conduct alleged herein, Defendants, directly or indirectly, in the offer or sale of securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, have:

        a.     knowingly or with severe recklessness employed a device, scheme, or artifice to defraud; and

        b.     knowingly, recklessly, or negligently engaged in a transaction, practice, or course of business which operated or would operate as a fraud or deceit upon the purchaser.

41.     Defendants violated and, unless restrained and enjoined, will continue to violate Sections 17(a)(1) and 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3)].

## SECOND CLAIM FOR RELIEF

### Fraud in Connection with the Purchase or Sale of Securities
### Section 10(b) of the Exchange Act and Rule 10b-5 thereunder

42.     The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

43.     By engaging in the acts and conduct alleged herein, Defendants, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange:

        a.     employed a device, scheme, or artifice to defraud;

        b.     made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and,

        c.     engaged in an act, practice, or course of business which operated or would operate as a fraud or deceit upon any person.

44.      Defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business.  In engaging in such conduct, the defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

45.     Defendants violated and, unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## THIRD CLAIM FOR RELIEF

**Violations of Section 15B(c)(1) of the Exchange Act by Twin Spires and Fletcher**
**(Breach of Fiduciary Duty)**

46.     Paragraphs 1 through 38 are hereby re-alleged and are incorporated herein by reference.

47.     Pursuant to Section 15B(c)(1) of the Exchange Act, a municipal advisor and any person associated with a municipal advisor shall be deemed to have a fiduciary duty to any municipal entity for whom the municipal advisor acts as a municipal advisor, and no municipal advisor may engage in an act, practice or course of business that is not consistent with a municipal advisor's fiduciary duty.

48.     By engaging in the conduct alleged above, Defendant Twin Spires acted as a municipal advisor and Defendant Fletcher acted as a municipal advisor and person associated with a municipal advisor, as those terms are defined in Sections 15B(e)(4)(A) and 15B(e)(7) of the Exchange Act [15 U.S.C. §§ 78o-4(e)(4) and (7)]. As such, Twin Spires and Fletcher owed a fiduciary duty to Sterlington.

49.      Defendants engaged in the acts, practices and courses of business described above, and breached their fiduciary duty to Sterlington.

50.     By reason of the foregoing, Defendants violated and, unless enjoined will continue to violate, Section 15B(c)(1) of the Exchange Act [15 U.S.C. § 78o-4(c)(1)].

## FOURTH CLAIM FOR RELIEF

### Violations of Section 15B(a)(1)(B) of the Exchange Act by Twin Spires
### (Failure to Register as a Municipal Advisor with the Commission)

51.     The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

52.      Defendant Twin Spires provided advice to or on behalf of a municipal entity or obligated person with respect to the issuance of municipal securities without first being registered with the Commission as a municipal advisor.

53.     By reason of the foregoing, Defendant Twin Spires violated and, unless enjoined will continue to violate, Section 15B(a)(1)(B) of the Exchange Act [15 U.S.C. § 78o-4(a)(1)(B)].

## FIFTH CLAIM FOR RELIEF

### Violations of MSRB Rule G-17 by Fletcher and Twin Spires
### (Engaging in a Deceptive, Dishonest, or Unfair Practice)

54.     The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

55.    Defendants Fletcher and Twin Spires, in the conduct of their municipal securities or municipal advisory activities, failed to deal fairly with all persons and engaged in a deceptive, dishonest, or unfair practice or practices.

56.    By reason of the forgoing, Defendants Fletcher and Twin Spires violated and, unless enjoined will continue to violate, MSRB Rule G-17.

## SIXTH CLAIM FOR RELIEF

### Violations of MSRB Rule G-42 by Twin Spires and Fletcher (Breaches of Duties of Non-Solicitor Municipal Advisors)

57.    The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

58.    Defendants (i) breached their fiduciary duty, duty of loyalty, or duty of care to their municipal entity client; (ii) made material misrepresentations and omissions to the SBC on behalf of their client to obtain approval of the client's municipal bond issuances in 2017 and 2018; and, (iii) made material misrepresentations and omissions to bond investors pertaining to the overstated financial projections they submitted to the SBC to obtain its approval for the proper issuance of their client's 2017 and 2018 bonds in private placement transactions as to which Defendants provided advice.

59.    By reason of the forgoing, Defendants violated and, unless enjoined will continue to violate, MSRB Rule G-42.

## SEVENTH CLAIM FOR RELIEF

### Violations of Section 15B(c)(1) of the Exchange Act by Defendants
### (Acts in Contravention of Any Rule of the MSRB)

60.     The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

61.     Defendants violated MSRB Rules G-17 and G-42.

62.      Defendants acted in contravention of a rule or rules of the MSRB while making use of the mails or any means or instrumentality of interstate commerce to provide advice to or on behalf of a municipal entity or obligated person with respect to municipal financial products or the issuance of municipal securities.

63.     By reason of the forgoing, Defendants violated and, unless enjoined will continue to violate, Section 15B(c)(1) of the Exchange Act [15 U.S.C. § 78o-4(c)(1)].

## EIGHTH CLAIM FOR RELIEF

### Aiding and Abetting Liability Against Fletcher for
### Twin Spires' Violation of Section 15B(a)(1)(B)

64.     The SEC incorporates the allegations in paragraphs 1 through 38 as if fully set forth herein.

65.     By reason of the foregoing, Twin Spires acted as a municipal adviser without registration and violated Section 15B(a)(1)(B) of the Exchange Act.

66.     Fletcher was aware of, or recklessly disregarded, that Twin Spires'

conduct was improper and rendered Twin Spires substantial assistance in this

conduct.

67.     By reason of the foregoing, Fletcher aided and abetted and, unless

enjoined will continue to aid and abet, violations of Section 15B(a)(1)(B) of the

Exchange Act [15 U.S.C. § 78o-4(a)(1)(B)].

## NINTH CLAIM FOR RELIEF
### Aiding and Abetting Liability Against Fletcher and
### Twin Spires for Sterlington's Violation of Section 17(a)(2)

68.     The SEC incorporates the allegations in paragraphs 1 through 38 as if

 fully set forth herein.

69.     By the above described conduct, Sterlington, in the offer and sale of

securities described herein, by use of means and instruments of transportation and

communication in interstate commerce and by use of the mails, directly and

indirectly, obtained money and property by means of untrue statements of material

fact and omissions to state material facts necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading.

70.     By reason of the foregoing, Sterlington violated Section 17(a)(2) of

 the Exchange Act.

71.     Fletcher and Twin Spires were aware of, or recklessly disregarded, that Sterlington's conduct was improper and rendered Sterlington substantial assistance in this conduct.

72.     By reason of the foregoing, Fletcher and Twin Spires aided and abetted and, unless enjoined will continue to aid and abet, violations of Section 17(a)(2) of the Exchange Act [15 U.S.C. §77q(a)(2)].

## **RELIEF REQUESTED**

WHEREFORE, the SEC respectfully requests that this Court enter a judgment:

### I.

Permanently enjoining, pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, the Defendants from violating, directly or indirectly,  Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Sections 10(b) [15 U.S.C. § 78j(b)], 15B(a)(1)(B) [15 U.S.C. § 78o-4(a)(1)(B)] and 15B(c)(1) [15 U.S.C. § 78o-4(c)(1)] of the Exchange Act and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and, Municipal Rulemaking Board Rules G-17 and G-42.

### II.

Ordering Defendants, jointly and severally, to pay disgorgement plus prejudgment interest pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5).

III.

Ordering Defendants, jointly and severally, to pay a civil penalty pursuant to

Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)].

IV.

Retaining jurisdiction over this action to implement and carry out the terms of

all orders and decrees that may be entered, or to entertain any suitable application or

motion for additional relief within the jurisdiction of this Court.

V.

Granting such other and further relief as this Court deems just and appropriate.

Dated:  June 2, 2022.

Respectfully submitted,

/s/William P. Hicks
William P. Hicks
Senior Trial Counsel
Georgia Bar No. 351649
hicksw@sec.gov

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
loomism@sec.gov

United States Securities and Exchange Commission
950 E. Paces Ferry Road NE
Suite 900
Atlanta, GA 30326
404-842-7600